# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROGER D. LEWIS,
:
    Petitioner,                                Case No. 3:08-cv-152

                                 :          District Judge Walter Herbert Rice
   -vs-                                      Chief Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

       This habeas corpus case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

       Petitioner Roger D. Lewis is serving a six year sentence upon his conviction in the Greene County Common Pleas Court, after pleading guilty, on one count of engaging in a pattern of corrupt activity. He pleads two grounds for relief.

> **Ground One:** The trial court abused its discretion in imposing a 6 year prison sentence upon Petitioner.
>
> **Supporting Facts:** The trial court erred in not giving the Petitioner a minimum sentence. The proper standard for review to be applied is that of abuse of discretion. The attitude of the trial court was "unreasonably [sic], arbitrary and unconscionable. The trial court relied exclusively on Detective Polston [sic] statements in its decision.
>
> **Ground Two:** Petitioner's sentence is violative of the sentencing guidelines as set forth in R.C. 2929.11(B) and 2929.12.

> **Supporting Facts:** First, the trial court is statute bound to consider the seriousness and recidivism factors as outlined in O[hio] R[evised] C[ode] § 2929.12, thereby violating Petitioner's Eighth (8th) Amendment rights to the U.S. Constitution which forbids cruel and unusual punishment. Petitioner had no criminal record at all.

(Petition, Doc. No. 1-3, at 5.)

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

A claim of abuse of discretion by a state court judge is not sufficient to state a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). To put it another way, the federal constitution does not contain a prohibition on abuse of discretion in sentencing. Petitioner's sole remedy, which he has already pursued unsuccessfully, is an appeal through the state courts. The first ground for relief does not state a claim upon which habeas corpus relief can be granted.

The second ground for relief is brought under the Eighth Amendment; Petitioner asserts that it is cruel and unusual punishment to sentence him to six years imprisonment, given that he has no prior criminal record. In *Harmelin v. Michigan,* 501 U.S. 957 (1991), the Supreme Court held that a mandatory life sentence without the possibility of parole was not an excessive sentence when imposed on a habeas petitioner convicted of selling 650 grams of cocaine who had no prior felony convictions. With the exception of *Weems v. United States*, 217 U.S. 349 (1910), the Supreme Court

has never found a sentence other than death or life imprisonment without parole to be excessive under the Eighth Amendment. A sentence of six years for drug trafficking is not constitutionally excessive, even for a defendant with no prior felony convictions.

It is therefore respectfully recommended that the Petition herein be dismissed with prejudice. Because no reasonable jurist would disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

May 2, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Lewis v. Warden R&R.wpd